IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-60063
Summary Calendar

_____

FREDERICK BELL,

Plaintiff-Appellant,

versus

WESTON BIRDSONG; JIMMY D. BECK; HOMER DALE TRUSSELL;
CHRISTOPHER C. HANKINS; CECIL SHELTON; FRED CARVER;
KIRK FORDICE; EDDIE M. LUCAS; EDWARD HARGETT,
SUPERINTENDENT, MISSISSIPPI STATE PENITENTIARY;
MISSISSIPPI DEPARTMENT OF CORRECTIONS; ROGER COOK;
J.J. STREETER,

Defendants-Appellees.

_____

Appeal from the United States District Court for the
Northern District of Mississippi
(4:94-CV-290-S-0)

_____

July 26, 1996

Before GARWOOD, WIENER and PARKER, Circuit Judges.[*]

PER CURIAM:

Plaintiff-appellant Frederick Bell (Bell), a prisoner in the Mississippi Department of Corrections (MDOC), proceeding *pro se* and *in forma pauperis*, filed this civil rights suit alleging that his living conditions at the MDOC amount to cruel and unusual

---

[*]Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

punishment. On June 14, 1995, a magistrate judge ordered that Bell "in good faith . . . attempt to exhaust" his available prison administrative remedies within the next 90 days and obtain a certificate from the prison Administrative Remedy Program (ARP) stating that he had exhausted his administrative remedies or that within 150 days he file a statement that he had attempted to obtain such a certificate, but had not been furnished with one. The order provided that, if Bell did not "reasonably and in good faith attempt to exhaust his administrative remedies," his suit would be dismissed with prejudice.

Bell filed a statement with the court within 90 days of the order indicating that he had submitted a copy of the court's order and a copy of his complaint to the prison legal claims administrator requesting redress of his grievances, but that he had not received a response. He further stated that "under the present operation of the ARP Program," he was unable to obtain a certificate of completion. He requested the court's advice as to what to do next.

Nothing further transpired until on December 11, 1995, the district court, *sua sponte*, determined that more than 150 days had passed and that Bell had failed to comply with the court's order. The court dismissed Bell's suit without prejudice, pursuant to Fed. R. Civ. P. 41(b), for failure to comply with an order of the court and for failure to prosecute. The court's order does not indicate that the court had read or considered Bell's response, and stated that its earlier order had required Bell "to exhaust the available

2

state remedies" and file a certificate showing that he "ha[d] exhausted the administrative remedies."

District courts have discretion to require an inmate to exhaust his administrative remedies before entertaining a suit in federal court. 42 U.S.C. § 1997e(a)(1); *Rocky v. Vittorie*, 813 F.2d 734, 736 (5th Cir. 1987). Prisoners ordered to exhaust administrative remedies must do so even if they perceive the prison grievance system to be inadequate. *See Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995).

Before dismissing a civil rights suit for failure to exhaust, however, the district court should consider whether the prisoner "reasonably and in good faith pursued his administrative remedies." *Id*. Whether the district court in the instant case gave such consideration to Bell is unclear inasmuch as the court does not acknowledge in its order of dismissal Bell's statement that he attempted to exhaust his administrative remedies.

Bell's statement to the court indicated that he submitted his complaint to the legal claims adjudicator at the prison within one week of the court's order. In *Rocky*, the court noted that the prisoner in that case, like Bell, at least initially promptly attempted to secure relief from the prison authorities. *Rocky*, 813 F.2d at 736. The *Rocky* court remanded the case and instructed the district court to give the prisoner the opportunity to present evidence in support of his contention that he had made a good faith attempt to exhaust his administrative remedies. The same result should obtain here.

3

Following *Rocky*, we vacate the district court's dismissal order and remand the cause in order to allow Bell the opportunity to make a showing to the district court in support of his contention that he had reasonably and in good faith attempted to exhaust his administrative remedies as required by the magistrate judge's order.

VACATED and REMANDED